IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIE GATHINGS                                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:21-CV-105-SA-DAS

STATE OF MISSISSIPPI and
BARRY FORD                                                                                                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Wille Gathings, proceeding *pro se*, filed this action on June 23, 2021, alleging that he "was sent to the MDOC on a Law that Dont Exist that the State MS Dont have[.] [sic]" [1] at p. 4. He also alleged that no one else was involved. The Plaintiff was granted leave to proceed *in forma pauperis* on December 7, 2021. *See* [11]. On April 13, 2022, the Magistrate Judge assigned to this case entered a Report and Recommendation [14], making the following finding: "[T]he undersigned finds the complaint is wholly without substantive merit and recommends that it be dismissed." [14] at p. 1. Specifically, the Magistrate Judge noted the Complaint's [1] lack of factual support for his allegations. The Magistrate Judge also noted that Barry Ford is named as a Defendant but that the Plaintiff provided no factual allegations related to any claims against Ford.

The Report [14] provided the Plaintiff fourteen (14) days from the date of the Report and Recommendation [14] to file any objections to the same and to sign and mail the acknowledgement of receipt that was included with the Report [14] to the Clerk's Office. The Report [14] further advised that the Plaintiff's failure to comply with the requirements set forth therein "may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for

failure to comply with an order of the court." [14] at p. 4 (emphasis omitted). The Plaintiff responded to the Report [14] on May 27, 2022. *See* [18].[1]

*Standard of Review*

When a party files an objection to a Report and Recommendation, a court must then conduct a *de novo* review of the sections of the Report to which the party objects. *Davis v. Turner*, 2018 WL 6172521 at *1 (N.D. Miss. Nov. 26, 2018) (quoting *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (internal citation omitted)). "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Id*. (quoting *Gauthier*, 644 F.Supp.2d at 828 (internal citation omitted)).

In determining whether the Plaintiff has filed a proper objection, this Court notes an opinion from the Southern District of Mississippi which reads as follows:

> It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

---

[1] The Response [18] will be treated as timely because the Plaintiff's address changed, and the Report [14] had to be mailed again to the correct address.

*Davis v. Turner*, 2021 WL 3118309, at *1 (S.D. Miss. July 22, 2021) (slip copy).

Here, the entirety of the Plaintiff's Response [18], in addition to his signature, reads as follows: "all I ask is my Day in court and Dont Dismiss my complaint this Day 5/20/2022[.] [sic]" [18]. Notably, the Plaintiff does not address the areas of concern the Magistrate Judge pointed out such as the lack of information regarding the allegation and information regarding why Barry Ford was named as a Defendant. As such, the Plaintiff does not appear to object to any particular portion of the Report [14]. Rather, he seems to make a general objection to the Report [14] as a whole. Such an objection does not warrant a *de novo* review. *Davis*, 2021 WL 3118309 at *1 ("Since the Plaintiff's Objections are not related to a specific finding within the Report and Recommendation, the Court finds that his Objections do not merit a *de novo* review of the Report and Recommendation."). Therefore, having reviewed the Report [14] for plain error and finding none, the Court ADOPTS IN FULL the Report and Recommendation [14]. The Plaintiff's Complaint [1] is dismissed *with prejudice*. This CASE is CLOSED.

SO ORDERED, this the 3rd day of June, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE